IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLOTTE YEAKEL, and<br>LEO YEAKEL, | : | No. 3:07cv2054 |
| Plaintiffs | : | (Judge Munley) |
| v. | : | |
| WERNER ENTERPRISES, INC.,<br>Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court are defendant's objections to plaintiffs' discovery requests. Having been fully briefed, the matter is ripe for disposition.

**Background**

This case arises out of an accident that occurred on October 12, 2006 between the automobile driven by Plaintiff Charlotte Yeakel and a tractor-trailer driven by an unnamed driver employed by Defendant Werner Enterprises. The tractor-trailer struck Yeakel's pickup truck from behind while Yeakel was stopped in traffic. After that incident, the truck's driver directed Yeakel to pull her vehicle into a nearby parking lot so the parties could exchange information. Yeakel did so, but the other driver did not, and instead fled the scene of the accident. Three persons witnessed the accident, and plaintiff filed an accident report with Werner. Despite this information and reports, Werner was unable to identify the driver of the truck. Plaintiff Charlotte Yeakel alleges that she sustained serious and permanent injuries from this accident.

On November 5, 2007, plaintiffs filed a complaint in the Court of Common Pleas of Lackawanna County, Pennsylvania.  (See Exh. C to Notice of Removal (Doc. 1)).  The complaint alleged negligence against the defendant in supervision of its employee and sought compensation for both the injuries suffered by Plaintiff Charlotee Yeakel and the loss of companionship and consortium suffered by Plaintiff Leo Yeakel, her husband.  On November 13, 2007, defendant filed a notice of removal in this court.  (Doc. 1).  Defendant then answered the complaint, the court held a case-management conference and the parties agreed to a discovery schedule.  (See Docs. 3, 8).

During the discovery period, several disputes about access to information arose.  The parties disagreed about the production of documents and witnesses, and the defendants objected to certain of the plaintiffs' discovery requests, citing attorney-client privilege.  The court held a telephonic discovery conference to address these issues, resolving most of them.  After that conference, three issues remained: defendant objected to three requests by plaintiffs for Werner's investigatory reports related to the accident in question.  The court ordered the parties to brief these issues.  (See Doc. 13).  The parties have now supplied those briefs, bringing the case to its present posture.

**Discussion**

Defendant informs us that two of the issues ordered briefed by the court have been resolved.  (See Doc. 15 at 2).  That is, the defendant has agreed to provide the

information requested by plaintiffs. That information included: "5. Any and all records and reports regarding an accident being reported where the Werner Enterprises' operator left the scene which occurred on October 12, 2006, in Lackawanna County, Pennsylvania and given claim number 282561" and "7. Any written or electronically maintained records, investigative materials or notes of any type which document the report" of the accident at issue in the action. (Id.). Because the defendant has agreed to provide the requested information, the dispute is now moot.

     The parties contend that the third issue, which relates to attorney-client privilege, remains to be resolved. Plaintiffs requested "[t]he complete investigation file of Werner Enterprises, Inc., and/or its agents, representatives, and/or liability insurance companies relating to the report" of the accident at question in the case. (Id. at 3). Defendant objects to this request as too broad, arguing that under its terms the could require defendant "to produce documents and things prepared in anticipation of litigation or confidential communications," violating the attorney-client privilege. Plaintiffs respond that they do not seek any material covered by the attorney-client privilege, and seek only material from an investigation performed by Defendant Werner to identify the driver of the truck involved and the events of the accident. Plaintiffs argue that this material is discoverable and not subject to limitations under the work-product rule.

     The Supreme Court has held that "[c]onfidential disclosures by a client to an

3

attorney made in order to obtain legal assistance are privileged." Fischer v. United States, 425 U.S. 391, 403 (1971). "[T]he purpose of the attorney-client privilege is to encourage 'full and frank communication between attorneys and their clients.'" Westinghouse v. Republic of the Philippines, 951 F.2d 1414, 1423 (3d Cir. 1991). Still, "[b]ecause the attorney-client privilege obstructs the truth-finding process, it is construed narrowly." Id.

Included in these protections are an attorney's "work product," which includes "materials [that] were prepared in 'the course of preparation for possible litigation.'" Haines v. Liggett Group, 975 F.2d 81, 94 (3d Cir. 1992) (quoting Hickman v. Taylor, 329 U.S. 495, 505 (1947)); see also Hickman, 329 U.S. at 511 (describing as work product "interviews, statements, memoranda, correspondence, briefs, mental impressions, [and] personal beliefs"). Such material often enjoys "almost absolute protection from discovery, because 'any slight factual content that such items may have is generally outweighed by the adversary system's interest in maintaining the privacy of an attorney's thought processes and in ensuring that each side relies on its own wit in preparing their respective cases." Id. (quoting Sporck v. Peil, 759 F.2d 312, 316 (3d Cir. 1984)).[1]

---

[1] As the Third Circuit Court of Appeals has noted:
> The work product doctrine as articulated in Hickman has been partially codified in Federal Rule of Civil Procedure 26(b)(3). That rule conditions the production of 'documents and tangible things' prepared in anticipation of litigation by or for an opposing party on the moving party's showing of substantial need and undue hardship. Even where such a showing is made, however, the trial court, in ordering the production of such materials, 'shall protect against disclosure of the mental impressions, conclusions, opinions,

4

Still, to obtain the work-product privilege, a party must demonstrate that the document in question was "prepared in anticipation of litigation." Martin v. Bally's Park Place Hotel & Casino, 983 F.2d 1252, 1264 (3d Cir. 1993). In deciding "whether a particular document was prepared in anticipation of litigation, 'the test should be whether in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" Id. (quoting In re Grand Jury Proceedings, 604 F.2d 798, 803 (3d Cir. 1979)). Even when the material sought does constitute "work product," the privilege is not absolute. "Work product can be produced 'upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.'" In re Cendant Sec. Litig., 343 F.3d 658, 663 (3d Cir. 2003) (quoting FED. R. CIV. P. 26(b)(3)).[2] A determination on privilege, then, requires a specific inquiry into

---

> or legal theories of an attorney or other representative of a party concerning the litigation.'" (quoting FED. R. CIV. P. 26(b)(3)). Sporck v. Peil, 759 F.2d 312, 316 (3d Cir. 1985)

[2] We note that courts have found two types of work product entitled to protection: "ordinary" and "opinion." "Opinion work product includes such items as an attorney's legal strategy, his intended lines of proof, his evaluation of the strengths and weaknesses of his case, and the inferences he draws from interviews of witnesses." Sporck, 759 F.2d 314. Opinion work product is entitled to broader protection than ordinary work product: "[s]uch material is accorded an almost absolute protection from discovery because any slight factual content that such items may have is generally outweighed by the adversary system's interest in maintaining the privacy of an attorney's thought processes and in ensuring that each side relies on its own wit in preparing their respective cases." Id.

5

the nature of the document in question and the need of the party seeking discovery for access to it. Indeed, "the doctrine is an intensely practical one, grounded in the realities of litigation in our adversary system." United States v. Nobles, 422 U.S. 225, 239 (1975).

     In this case, defendant asserts a general work-product privilege claim, but points to no particular document to which the privilege applies. We have difficulty, therefore, in determining whether the privilege would apply in this case. In some sense, the defendant's claim, based solely on the broad language of the discovery requests, thus appears at best premature. Such disputes are better resolved based on requests for specific documents, rather than in response to an abstract refusal to provide a category of documents. In any case, the defendant has represented to the court that it has supplied "the entirety of the accident investigation file as requested." (See Doc. 17). Since this action would appear to satisfy plaintiffs' discovery request, we find that a dispute no longer exists. We would remind the defendant, however, that broad claims of privilege without reference to particular documents are not helpful in conducting discovery. We direct the parties to set up a procedure for establishing and monitoring any future privilege claims. The court cannot rule on a privilege dispute unless the parties can point to particular material over which a dispute has arisen.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLOTTE YEAKEL, and** | : | No. 3:07cv2054 |
| **LEO YEAKEL,** | : | |
| **Plaintiffs** | : | (Judge Munley) |
| | : | |
| **v.** | : | |
| | : | |
| **WERNER ENTERPRISES, INC.,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **ORDER**

**AND NOW**, to wit, this 19th day of May 2008, the defendant's oral discovery request is hereby **DENIED** as moot as set forth in the accompanying memorandum.

                                                   **BY THE COURT:**

                                                   **s/ James M. Munley**
                                                   **JAMES M. MUNLEY**
                                                    **UNITED STATES DISTRICT JUDGE**